UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

    Plaintiff,

v.                                       Criminal Case No. 21-30192

Nikolas Boris Mariani,         Honorable Sean F. Cox

    Defendant.
_____/

**OPINION AND ORDER
REVERSING ORDER SETTING CONDITIONS OF RELEASE
AND ORDERING THAT DEFENDANT BE DETAINED PENDING TRIAL**

This matter is before the Court on the Government's appeal of the magistrate judge's Order Setting Conditions of Release. The parties appeared before this Court for a hearing on May 5, 2021. For the reasons set forth below, the Court finds that there is no condition or combination of conditions that will reasonably assure the safety of the community. Thus, the Court reverses the magistrate judge's release order and orders that Defendant be detained pending trial.

**BACKGROUND**

In this criminal action, Defendant Nikolas Boris Mariani ("Defendant"), a 20 year old man, has been charged via a Criminal Complaint with: 1) Receipt and Possession of Child Pornography, in violation of 18 U.S.C. §§ 2252A(a)(2)(A) and 2252(a)(5)(B); 2) Coercion and Enticement of a Minor to Engage in Illicit Sexual Activity, in violation of 18 U.S.C. § 2422(b); and 3) Transfer of Obscene Material to a Minor, in violation of 18 U.S.C. § 1470. The incidents that form the basis of the charges are detailed in the Affidavit attached to the Criminal

1

Complaint.

In connection with the same incidents that form the basis of the charges in this case, Defendant has been charged with Criminal Sexual Conduct in state court. It appears that the state court released Defendant to home confinement and he has been staying with his mother at her home in Royal Oak, Michigan since sometime in March of 2021.

Pretrial Services recommended that Defendant be detained pending trial because he poses a risk of danger due to: 1) the nature of instant offense; 2) prior arrests and convictions; 3) mental health history; 4) history/charge involving sex offense/abuse; 5) safety concerns for the community; 6) violent behavior history; 7) history/charge involving a child; 8) history/charge involving use of computer to facilitate alleged offense; 9) history/charge involving violence or domestic violence; and 10) pattern of similar criminal activity history.

After holding a detention hearing, during which the parties proceeded by way of proffer, the magistrate judge ordered that Defendant be released on bond, with a number of conditions. The Government has appealed that ruling, pursuant to 18 U.S.C. § 3145(a)(1).

This Court has listened to the audio recordings of the detention hearing before the magistrate judge on May 4, 2021, and also held a hearing on May 5, 2021.

## ANALYSIS

Under 18 U.S.C. § 3145(a)(1), the Government may seek review of a magistrate judge's release order. The Court reviews the appeal *de novo*. *United States v. Leon*, 766 F.2d 77, 80 (2d Cir. 1985).

A defendant may be detained pending trial only if the Court "finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and

the safety of any other person and the community[.]" 18 U.S.C. § 3142(e). "A judicial officer's finding of dangerousness must be 'supported by clear and convincing evidence.'" *United States v. Stone*, 608 F.3d 939, 945 (6th Cir. 2010) (citing 18 U.S.C. § 3142(f)(2)(b)).

The parties agree that this is a "presumption case." Section 3142(e)(3)'s presumption in favor of detention imposes only a burden of production on the defendant, and the government retains the burden of persuasion. *Stone,* 608 F.3d at 945. Even when a defendant satisfies his burden of production, however, the presumption favoring detention does not disappear entirely, but remains a favor to be considered among those weighed by the district court. *Id.*

"Regardless of whether the presumption applies, the government's ultimate burden is to prove that no conditions of release can assure the defendant will appear and to assure the safety of the community." *Id*. at 946. To determine whether no condition or combination of conditions exists that will reasonably assure Defendant's appearance, the Court must consider the following factors from § 3142(g): 1) the nature and circumstances of the offenses charged; 2) the weight of the evidence against Defendant; 3) his history and characteristics; and 4) the nature and seriousness of the danger to any person the community that would be posed by Defendant's release.

**1.      Nature and Circumstances of Offenses Charged**

Here, the nature of circumstances of the offenses charged in this case weigh strongly in favor of detention. Defendant is charged with: 1) Receipt and Possession of Child Pornography, in violation of 18 U.S.C. §§ 2252A(a)(2)(A) and 2252(a)(5)(B); 2) Coercion and Enticement of a Minor to Engage in Illicit Sexual Activity, in violation of 18 U.S.C. § 2422(b); and 3) Transfer of Obscene Material to a Minor, in violation of 18 U.S.C. § 1470. The serious and disturbing

nature of the charged offenses are detailed in the complaint. The incidents that led to these charges in this case involved fourteen year-old girls. One incident involved Defendant sending a video to a minor girl, and that video depicted his friend raping an unconscious young woman. These are very serious and disturbing charges.

**2.     Weight of Evidence of Dangerousness**

The weight of the evidence of Defendant's dangerousness is substantial. *See Stone*, 608 F.3d at 948 ("This factor goes to the weight of the evidence of dangerousness, not the weight of the evidence of the defendant's guilt."). Defendant's criminal history includes acts of violence and his alleged criminal conduct in this case – that is directed towards fourteen-year old girls – shows no signs of abating. Indeed, as discussed at the hearing, Defendant will likely be charged in Wayne County with additional crimes involving another fourteen-year old girl (who Defendant is alleged to have choked and forced to give him oral sex.).

**3.     Defendant's History and Characteristics**

Defendant's history and characteristics demonstrate that he is a continuing danger to the community. Defendant is only twenty years old but has a criminal history going back to age eleven. His criminal history also includes violence, including a felony robbery. Defendant has a history of mental health issues but has not received treatment or medications since age eighteen. Defendant is unemployed.

**4.     Danger to the Community**

Finally, Defendant's release would pose a serious danger to the community. Defendant is only twenty years old yet has a criminal history that involves violence. The nature of the instant offenses – sexual crimes involving fourteen year-old girls – weighs strongly in favor of

detention. As this Court has learned over the years, these types of offenses can cause life-altering damage to the victims. As counsel for the Government persuasively argues, in some cases the potential for harm to the community is so great that it calls for detention. This is one of those cases.

## CONCLUSION & ORDER

Weighing these factors, this Court concludes the Government has established by clear and convincing evidence that there is no condition or combination of conditions that will reasonably assure the safety of the community. Accordingly, **IT IS ORDERED** that the magistrate judge's Order Setting Conditions of Release is **REVERSED.** This Court **ORDERS** that Defendant is **REMANDED** to the custody of the United States Marshals to be held pending trial.

**IT IS SO ORDERED.**

s/Sean F. Cox  
Sean F. Cox  
United States District Judge

Dated: May 5, 2021