UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

        Plaintiff,	Case No. 21-cr-20401
        	Honorable David M. Lawson

vs.

Nikolas Boris Mariani,

        Defendant.

**Stipulation for Entry of Preliminary Order of Forfeiture**

Plaintiff, by and through its undersigned attorneys, together with the defendant Nikolas Boris Mariani ("defendant"), by and through his attorney, Karen J. Davis Roberts, submit this Stipulation for Entry of Preliminary Order of Forfeiture, and hereby stipulate and agree to the following:

1. An Indictment was filed on June 16, 2021, which charged the defendant with Count One, Coercion and Enticement, in violation of 18 U.S.C. § 2422(b) and Count Two, Receipt of Child Pornography, in violation of 18 U.S.C. § 2252A(a)(2) and 2252A(b)(1). (ECF No. 21).

2. The Indictment sought criminal forfeiture pursuant to Federal Rule of Criminal Procedure 32.2(a) and 18 U.S.C. § 2253, placing defendant on notice that as a result of violating the offenses set forth in Count One or Count Two of the

Indictment, Nikolas Boris Mariani shall, pursuant to 18 U.S.C. § 2253, forfeit the following to the United States:

    i. Any visual depiction described in 18 U.S.C. §§ 2251, 2251A, or 2252, 2252A, 2252B or 2260, or any book, magazine, periodical, film, videotape, or other matter which contains any such visual depiction, which was produced, transported, mailed, shipped, or received in violation of these subsections;

    ii. Any property, real or personal, used or intended to be used to commit or to promote the commission of such offense or any property traceable to such property; and

    iii. Any property, real or personal, used or intended to be used to commit or to promote the commission of such offense or any property traceable to such property.

3. On or about June 14, 2022, a First Forfeiture Bill of Particulars was filed to supplement and clarify the forfeiture allegations contained in the Indictment and to provide notice of the following specific property the government intends to forfeit upon conviction (hereinafter referred to as "Subject Property"):

- Miscellaneous Cell Phones, including the following:
  - LG LM-Q730QM cell phone, Serial No.: N/A; and
  - Samsung cellular telephone, Serial No.: N/A;
- Samsung Galaxy S20 Ultra 5G, Serial No.: N/A;
- Miscellaneous Cell Phones, including the following:
  - Blue Samsung cellular telephone with cracked glass encasing, Serial No.: N/A; and
  - Samsung Galaxy S10+, Model No. SM-G975U, Serial No.: N/A

(ECF No. 39, PageID.128).

4. On or about June 16, 2022, the defendant entered a guilty plea on the record to Counts One and Two of the Indictment.

5. As part of this stipulation and agreement to forfeiture, the defendant stipulates to the forfeiture of his interest in the Subject Property to the United States.

6. The defendant agrees that the Subject Property constitutes or is derived from proceeds traceable to defendant's violations of Count One and Count Two of the Indictment.

7. The defendant agrees to the immediate entry of a Preliminary Order of Forfeiture and agrees that any and all interest he has in the Subject Property shall be forfeited to the United States for disposition according to law.

8. The defendant acknowledges that he understands that forfeiture of the Subject Property is part of the sentence that may be imposed on him in this case and waives his right to challenge any the failure of the Court to notify the defendant of the terms of forfeiture at his plea hearing, pursuant to Federal Rule of Criminal Procedure 11(b)(1)(J), or any failure of the Court to announce forfeiture at his sentencing, as specified by Federal Rule of Criminal Procedure 32.2(b)(4)(B). The defendant also knowingly, voluntarily, and intelligently waives any challenge to the above-described forfeiture based upon the Excessive Fines Clause of the Eighth Amendment to the United States Constitution.

9. The forfeiture of the Subject Property shall be made part of the defendant's sentence and included in his Judgment.

10. Any claims by third parties to the Subject Property shall be resolved under the procedures set forth in 21 U.S.C. § 853(n), as stated in the proposed Preliminary Order of Forfeiture submitted concurrently herewith. Fed. R. Crim. P. 32.2(b)(2)(A), (c).

11. The defendant's counsel, Karen J. Davis Roberts, affirms that she has discussed this Stipulation and forfeiture agreement with the defendant and that the defendant consents to the entry of a Preliminary Order of Forfeiture.

12. Pursuant to 18 U.S.C. § 2253 and Rule 32.2, and based upon the Indictment, the defendant's guilty plea, this Stipulation, and information contained in the record, the United States respectfully requests that the Court enter the proposed Preliminary Order of Forfeiture. The government will submit the proposed Preliminary Order of Forfeiture to the Court via ECF utilities.

Approved as to form and substance:

Dawn N. Ison
United States Attorney

| | |
|---|---|
| S/ Cassandra M. Resposo | S/Karen J. Davis Roberts (with consent) |
| Cassandra M. Resposo (IL 6302830) | Karen J. Davis Roberts |
| Assistant United States Attorney | Attorney for Nikolas Boris Mariani |
| 211 W. Fort Street, Ste. 2001 | P.O. Box 677 |
| Detroit, MI 48226 | Saline, MI 48176 |
| (313) 226- 9736 | (734) 944-9207 |
| Cassandra.Resposo@usdoj.gov | kjdroberts@yahoo.com |
| | |
| Dated:  August 29, 2022 | Dated: November 14, 2022 |